GUIDRY, J.,
on rehearing.
hWe grant a rehearing for the limited purpose of clarifying our original opinion with regard to the motion for summary judgment as it relates to Kathryn Grigsby. As stated in our original opinion, Hospice Foundation of Greater Baton Rouge, Inc. d/b/a Hospice of Baton Rouge (“Hospice”), Melanie Hyatt, Katherine Braud, and Kathryn Grigsby filed a motion for summary judgment seeking dismissal of plaintiffs’ claims against them based on a lack of expert testimony. In addition, Kathryn Grigsby asserted that she was entitled to summary judgment because she is not and never has been a health care provider. Therefore, according to Grigsby, because she is not a health care provider and never engaged in any medical or health care relationship with Donald McGregor, there is no basis for a medical malpractice suit against her.
Reading the plaintiffs’ petition as a whole, the plaintiffs not only asserted claims in medical malpractice, but they also asserted claims for damages generally *281 under La. C.C. art. 2315. Additionally, although Grigsby states in her affidavit that she did not play any part in the discharge of Donald McGregor, she was the Administrator of Hospice during the time at issue in the instant case and stated in her deposition testimony that almost all decisions we make, including discharging a patient, are done using an interdisciplinary team approach, unless the physician discharges the patient. Several Hospice employees indicated in their depositions that it was Dr. Georgia Reine, the on call physician for Donald McGregor, who discharged Donald from Hospice. However, Dr. Reine stated in her deposition that is was Hospice who made the decision to discharge Donald, and that she merely concurred in that decision.
Therefore, from our reading of the record, we find that plaintiffs have asserted claims against Grigsby not only in medical malpractice, but also for | ¡.negligence under La. C.C. art. 2315. Additionally, we find a genuine issue of material fact exists as to whether Grigsby had a role in discharging Donald McGregor from Hospice’s care. Accordingly, having concluded that Grigsby is not entitled to summary judgment, we adhere to the result reached in our original opinion.
REHEARING GRANTED WITHOUT ORAL ARGUMENT FOR THE LIMITED PURPOSE OF CLARIFICATION OF THE ORIGINAL OPINION.